IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STANLEY D. SIRMANS,
    Plaintiff,

vs.                                          Case No. 5:08cv25/RH/EMT

SGT. WILLIAMS, et al.,
    Defendants.
_____/

## ORDER

      This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 4).

      From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

      Plaintiff, an inmate of the Florida Department of Corrections, names two Defendants in this action, Sergeant Williams and Officer Thomas, both of whom are employed at Apalachee Correctional Institution (ACI) (Doc. 1 at 1–2). Plaintiff alleges that on June 23, 2007, at approximately 2:30 a.m., Inmate Brown attacked him in his sleep by striking him numerous times with a lock inside of a sock (*id*. at 7). Plaintiff states Inmate Brown continued to attack him, and no help arrived for an undetermined period of time (*id*.). Plaintiff states Defendants were assigned to his dormitory, but they failed to respond and stop the attack in a timely manner (*id*.). Plaintiff claims that Defendants' failure to respond more quickly violated his Eighth Amendment right to be free from cruel and unusual punishment, as well as his Fourteenth Amendment right to equal protection (*id*. at 8). As relief, he seeks $250,000.00 from each officer (*id*.).

      As a component of their duty to provide inmates with humane conditions of confinement, prison officials are required to "'take reasonable measures to guarantee the safety of the inmates.'"

Farmer v. Brennan, 511 U.S. 825, 831, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984)).  Further, it was well established that encompassed within that duty is a requirement that prison officials take reasonable steps to protect prisoners from violence at the hands of other prisoners.  *Id.* at 833 (quotation omitted); McCoy v. Webster, 47 F.3d 404, 407 (11th Cir. 1995) ("'When officials become aware of threats to an inmate's health and safety, the eighth amendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection.'") (citation omitted).

However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety.  Farmer, 511 U.S. at 834.  To state a claim for cruel and unusual punishment, "there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature."  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting Wright v. El Paso County Jail, 642 F.2d 134, 136 (5th Cir. 1981)).  To be held liable under the Eighth Amendment for failing to prevent an attack from other inmates, a correctional official must be found to have known and recklessly disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Proof that a defendant should have but did not perceive a risk is insufficient.  *Id.* at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."); Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999).  Whether an officer had the requisite knowledge of a substantial risk may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer.  Farmer, 511 U.S. at 842.

Furthermore, "[f]or a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Farmer, 511 U.S. at 835.  The risk of attack must have been substantial, beyond mere possibility.  Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).  Absent special circumstances, general hostilities exhibited by prisoners do not alone amount to a "substantial risk of serious harm."  *See* Brown, 894 F.2d at 1537

(finding defendants informed of "racial problem" in victim's cell not liable). Correspondingly, a negligent failure to protect an inmate does not state a claim under section 1983. Davidson v. Cannon, 474 U.S. 344, 347–48, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986). Furthermore, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety.'" Farmer, 511 U.S. at 844 (quoting Helling v. McKinney, 509 U.S. 25, 33, 113, S. Ct. 2475, 125 L. Ed. 2d 22 (1993)).

Thus, in order to demonstrate liability, Plaintiff must produce sufficient evidence of a substantial risk of serious harm, and he must also show that Defendants were deliberately indifferent to that risk. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Additionally, causal links must be established between Defendants' deliberate indifference and the substantial risk to Plaintiff, as well as between the risk to Plaintiff and his actual injury. *Id.*

In the instant case, the facts alleged by Plaintiff fail to show that Defendants' response to Brown's attack on Plaintiff was unreasonable. Plaintiff has alleged no facts suggesting that Sergeant Williams or Officer Thomas knew that a substantial risk of harm existed prior to the moment Brown attacked him. Furthermore, Plaintiff does not allege facts indicating when Defendants became aware that the attack was occurring or had occurred, thus there is no factual basis for his suggestion that the delay in their response was unreasonable. Moreover, there are no facts suggesting that Defendants' failure to respond more quickly was a result of deliberate indifference, as opposed to mere negligence. Unless such facts exist and are alleged in an amended complaint, this action will be subject to dismissal.

Finally, Plaintiff has stated no factual or legal basis for an equal protection claim. The Equal Protection Clause requires that the government treat similarly situated people in a similar manner. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). In order "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest," such as race, gender, or religion. Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotation marks

omitted). Thus, in order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). Plaintiff must also allege Defendants acted with the intent to discriminate against him. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E&T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987). In the instant case, the facts alleged by Plaintiff do not suggest that Defendants treated him differently than similarly situated inmates. Therefore, Plaintiff has failed to state an equal protection claim.

  Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

  Accordingly, it is **ORDERED**:

Case No. 5:08cv25/RH/EMT

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint."  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 11th day of February 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**