IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


STANLEY D. SIRMANS,

    Plaintiff,

vs.	Case No. 5:08cv25-RH/WCS

SERGEANT R. WILLIAMS,
and OFFICER J. THOMAS,

    Defendants.

                                /

### REPORT AND RECOMMENDATION

Plaintiff, a *pro se* prisoner, has now filed his *sixth* amended complaint under 42 U.S.C. § 1983. Doc. 33. Plaintiff was previously advised that this would be the last opportunity to submit a viable complaint.

Plaintiff contends that he was attacked by another inmate on June 23, 2007, at approximately 2:30 a.m. while Plaintiff was asleep. Doc. 33, p. 5. Another inmate hit Plaintiff with "a lock inside of a sock." Plaintiff alleges the two named Defendants, correctional officers, Williams and Thomas, were on duty and asleep in the officers' station. *Id.* After the attack, Defendants provided Plaintiff with medical attention. *Id.*

The Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement.' " Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct.

1970, 1976, 128 L. Ed. 2d 811 (1994), *quoted in* Jensen v. Clarke, 73 F.3d 808, 810 (8th Cir. 1996).  The Amendment requires officials to ensure that inmates have adequate food, clothing, shelter, and medical care, and they must "take reasonable measures to guarantee the safety of the inmates."  Farmer, 511 U.S. at 832, 114 S. Ct. at 1976, *quoting* Hudson v. Palmer, 468 U.S. 517, 526- 527, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984).  In guaranteeing their safety, officials must "protect prisoners from violence at the hands of other prisoners."  Farmer, 511 U.S. at 833, 114 S. Ct. at 1976-1977, *citing* Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.), *cert. denied* 488 U.S. 823 (1988).  However, to prevail on a failure-to-protect claim, an inmate must make two showings.  He must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm."  Farmer, 511 U.S. at 834, 114 S.Ct. at 1977, *citing* Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993).  He must also show that the defendant prison official had a "culpable state of mind" in that the defendant knew of and disregarded "an excessive risk to inmate health or safety."  511 U.S. at 834, 837, 114 S. Ct. at 1977, 1979.  In other words, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837, 114 S. Ct. at 1979; *see also* Jensen, 73 F.3d at 810; Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996).  An official's "state of mind [is] more blameworthy than negligence."  Farmer, *Id.* at 835, 114 S.Ct. at 1978.

     Plaintiff had been directed that he "must clearly show that he was in danger *prior* to the attack and explain how Defendants knew of the threat of prior danger against Plaintiff."  Doc. 31.  However, Plaintiff has not done so.  Plaintiff now makes only a

conclusory allegation that Defendants were asleep and failed to prevent the assault. Plaintiff has not alleged that Defendants knew Plaintiff was in any danger of being attacked. A sudden and unanticipated attack during the middle of the night by another inmate is insufficient to state a constitutional claim against the Defendants.

Plaintiff complains that Defendants "did not warn the Plaintiff of this hazard." Doc. 33, p. 6. Yet Defendants are not under a duty to warn Plaintiff of possible hazards. They have a duty to protect Plaintiff from known or obvious hazards.

Plaintiff complains that Defendants negligently failed to protect Plaintiff and "negligently failed to correct a dangerous condition." Doc. 33, p. 6. However, negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).

Plaintiff has not alleged more than negligence by Defendants and, thus, the sixth amended complaint is insufficient. This complaint should be dismissed for failure to state a claim. Sufficient opportunities have been provided to Plaintiff to make the allegations necessary, and no further chances should be extended.

Accordingly, it is **RECOMMENDED** that Plaintiff's sixth amended complaint, doc. 33, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and

recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 21, 2009.

       s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**